RONALD W. MEYER
**Attorney at Law**
5727 N. 7th STREET
SUITE 407
PHOENIX, ARIZONA 85014
(602) 279-1663
ATTORNEY I.D. #002299
Email: ronaldmeyerlaw@myexcel.com

Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In Re:<br>RUBEN DIAZ<br>Debtor<br><br>GUILLERMINA ARVIDE and VICTOR JAVIER NIEVES RODRIGUEZ, a married couple,<br>Plaintiff,<br>vs.<br>RUBEN DIAZ,<br>Defendant. | **Chapter 7**<br>**Case No. 2:16-bk-08654-DPC**<br>**Adv. Case No. 2:16-ap-00604**<br><br>**ADVESARY COMPLAINT**<br>**(Non-Dischargeability)** |

The Plaintiffs, Guillermina Arvide and Victor Javier Nieves Rodriguez, a married couple, by and through their attorney Ronald W. Meyer, plead and allege as follows:

**GENERAL ALLEGATIONS**

1. Ruben Diaz, hereinafter referred to as Debtor, upon information and belief is a resident of Maricopa County, Arizona.

2. Debtor previously filed a voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, which was subsequently converted to a Chapter 7.

Ronald W. Meyer
Attorney at Law
5727 N. 7th Street, Suite 407
Phoenix, Arizona 85014

3. Guillermina Arvide and Victor Javier Nieves Rodriguez are Creditors of the Debtor's Bankruptcy Estate.

4. Previously the court has entered an Order setting the date for filing Complaints under 11 U.S.C. §523(A), objecting to the discharge of Creditor's claim to January 3, 2017.

5. This court has jurisdiction over the matters pursuant to 28 U.S.C. §1334(A) and 157(A). Venue is proper in this district pursuant to 28 U.S.C. §1409.

6. This is a core matter pursuant to 28 U.S.C. §157(B)(2).

7. Debtor represented to Creditors that he had the ability to obtain a mortgage to facilitate their purchase of a house.

8. Debtor requested a $15,000.00 retainer.

9. Debtor did not have the ability to obtain a mortgage and never intended to obtain a mortgage and performed no acts to obtain a mortgage.

10. Creditors filed a Complaint in Superior Court in Cause No. CV2014-008701 in the Superior Court of Arizona, in and for the County of Maricopa. The Debtor stipulated to a Judgment, a copy of which is attached as Exhibit A.

11. Creditors were in the process of attaching property to collect the Judgment when the Debtor filed a Chapter 11 Bankruptcy.

12. At the same time, the State of Arizona, in Cause No. CV2016-002019 filed a Complaint against the Debtor, alleging fraud involving activity including the transactions with the Creditors. Upon information and belief the appropriate Orders were obtained from the Bankruptcy court enabling the State of Arizona to obtain appropriate injunctions and other equitable relief.

## COUNT ONE

13. The allegations in Paragraphs 1 through 12 are incorporated herein by reference.

14. Debtor represented that he had the ability to obtain a mortgage for the Creditors, and would obtain a mortgage for the Creditors.

15. These representations were false and the Debtor knew they were false.

16. The representations were material.

17. The Debtor knew of the falsity and acted with a reckless disregard to the truth to the representations.

18. The Debtor intended the Creditors to act on the representation and requested a $15,000.00 retainer, which the Creditors paid.

19. Creditors were not aware of the falsity of the representations.

20. Creditors were entitled to rely on the representations and did rely on the representations.

21. The Creditors were damaged because they gave a $15,000.00 retainer to Debtor.

22. The actions constitute Fraud and claim is non-dischargeable pursuant to 11 U.S.C. §523(A)(2)

## COUNT TWO

23. Creditors re-allege the allegations in the preceding Paragraphs 1 through 22.

24. The Debtor received $15,000.00 from the Creditors with no intention of performing any acts or services.

25. The acts of the Debtor constitute Conversion and is non-dischargeable under 11 U.S.C. §523(A)(6).

THEREFORE, the Creditors request that the court enter an Order finding that the debt is evidenced by the Judgment attached as Exhibit A is non-dischargeable and that Creditors can pursue collection of said Judgment.

DATED this _____ day of _____, 2016.

LAW OFFICES OF RONALD W. MEYER

_____
RONALD W. MEYER
Attorney for Plaintiff



Granted as Submitted
***See eSignature page***

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
T. Nosker, Deputy
12/24/2014 8:00:00 AM
Filing ID 6306217

EXHIBIT A

1  JERRY L. COCHRAN
   Cochran Law Firm, P.C.
2  2929 E. Camelback Rd.
   Suite 118
   Phoenix, Arizona 85016
3  (602) 952-5300
   State Bar No. 004539
4  jcochran@cochranlawfirmpc.com

5  Attorneys for Defendants Ruben Diaz and Jane Doe Diaz, husband and wife; Pro Solutions
6  LLC; Morocco Topo LLC; Rodrigo Diaz and Jane Doe Diaz; Ilya Kuriaki and Associates,
   LLC; D'Avila Solutions LLC; Rossco Solutions, LLC; Saguaro Desert Solutions; Rancho
7  Grande LLC;

8           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                    IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| 10 | GUILLERMINA ARVIDE and VICTOR JAVIER NIEVES RODRIGUEZ, a married couple, | No. CV2014-008701 |
| 11 | | |
| 12 | | |
| 13 | Plaintiffs, v. | JUDGMENT |
| 14 | | |
| 15 | RUBEN DIAZ and JANE DOE DIAZ, husband and wife; PRO SOLUTIONS LLC; MOROCCO TOPO LLC; RODRIGO DIAZ and JANE DOE DIAZ; ILYA KURIAKI AND ASSOCIATES,LLC; D'AVILA SOLUTIONS LLC; ROSSCO SOLUTIONS, LLC; SAGUARO DESERT SOLUTIONS; MAURICIO FELIX and JANE DOE FELIX; RANCHO GRANDE LLC; and KARLA GALINDO R. and JOHN DOE GALINDO; Defendants. | |

23     The Court having received a Stipulation for Entry of Judgment between Plaintiffs
24  Guillermina Arvide and Victor Javier Nieves Rodriguez ("Plaintiffs") and Defendants Ruben
25  Diaz ("Diaz") and Pro Solutions, LLC, an Arizona limited liability company ("Pro Solutions")
26  and good cause appearing:
27     **IT IS HEREBY ORDERED** granting the Stipulation;

28                                      - 1 -

**IT IS FURTHER ORDERED** that Plaintiffs shall and does have judgment against Defendants, Ruben Diaz and Pro Solutions, LLC, as follows:

1. Plaintiffs shall have judgment against Ruben Diaz and Pro Solutions in the amount of $15,000.00 in principal.
2. Plaintiffs shall have judgment against Ruben Diaz and Pro Solutions for Plaintiffs' attorney's fees and costs in the amount of $7,865.75.
3. With the exception of Ruben Diaz and Pro Solutions, the following named defendants shall be dismissed without prejudice: Rodrigo Diaz; Jane Doe Diaz; Ilya Kuriaki and Associates, LLC; D'Avila Solutions LLC; Rosco Solutions LLC; Saguaro Desert Solutions; Mauricio Felix and Jane Doe Felix; Rancho Grande LLC; Karla Galindo R. and John Doe Galindo..

DONE IN OPEN COURT THIS ___ day of _____, 2014.

_____
Maricopa County Superior Court Judge

Original the foregoing electronically filed
This ___ day of December, 2014 with the
Clerk of the Court:

Copy of the foregoing
mailed this ___ day of
December, 2014 to:

Jerry L. Cochran
2929 E. Camelback Road, Suite 118
Phoenix, AZ 85016
Attorneys for Defendants

Philippe Martinet
Martinet Law
1601 N. 7th Street, Ste. 100
Phoenix, AZ  85006

2